UNITED STATES BANKRUPTCY COURT
Southern District of Illinois

**FILED**
SEP 1 1 2008
CLERK, U S BANKRUPTCY COURT
SOUTHERN DISTRICT, ILLINOIS

Brian F. Crump                      )
    Debtor/Movant              )
                                    )
Vs.                                 )    Case Number 00-31661
                                    )
Enterprise                          )
    (AKA Enterprise Leasing)   )
    Creditor/Respondent        )

## MOTION TO REOPEN CHAPTER 7 BANKRUPTCY CASE AND FOR CHANGE OF VENUE

NOW COMES the Debtor, Brian F. Crump, (hereinafter "Crump") pro se, and for his Motion To Reopen Bankruptcy Case and For Change of Venue, pursuant to Rules 5010 and 1014(a), shows this Honorable Court the following:

1. This case commenced on June 14, 2000 with the filing of a Voluntary Petition for Bankruptcy under Chapter 7.

2. This case was originally filed as a joint case with Crump's spouse, Theresa E. Crump. Since the closing of this case, the parties have divorced and Crump has resided in the Western Division of the Northern District of Illinois since about August 2001. This action is brought forth solely for and on behalf of Crump.

3. A discharge was entered in this case on September 20, 2000, discharging all debts duly set forth in Schedule F.

4. Discharged debts included Enterprise Leasing (hereinafter "Enterprise") in the amount of $1,486.00.

5. On or about August 22, 2008, Huntley Chevrolet, located in Huntley, Illinois, made arrangements with Enterprise located at 2031 N. State Street, Belvidere, IL, to provide Crump with a loaner vehicle.

6. Said loaner vehicle was to be used by Crump while Huntley Chevrolet performed warranty work on Crump's personal vehicle.

1

7. Huntley Chevrolet was responsible for payment to Enterprise for said loaner vehicle.

8. Upon Crump appearing at Enterprise on August 23, 2008, Enterprise informed Crump that they would not provide him with a loaner vehicle unless he paid the pre-petition debt discharged in his bankruptcy in September 2000.

9. As a result of Enterprise's behavior, Crump suffered financial harm and humiliation, and has a meritorious claim against Enterprise for violation of the automatic stay pursuant to 11 U.S.C. §362(a)(6) and violation of the discharge injunction pursuant to 11 U.S.C. §524(a)(2)

10. Crump resides in, and the subject office for Enterprise is located in the Northern District of Illinois, Western Division.

11. This case should be reopened and transferred to the Northern District of Illinois, Western Division, in the interest of justice and for the convenience of the parties.

12. A copy of Crump's Motion for Sanctions for Violation of the Automatic Stay and Discharge Injunction is attached.

WHEREFORE, Brian F. Crump prays this honorable Court to enter an Order and therein:

A. Reopen bankruptcy case number 00-31661 for the limited purpose of filing and pursuing an action in violation of the automatic stay and violation of the discharge injunction against creditor, Enterprise and;

B. Grant a change of venue, transferring the case to the Northern District of Illinois, Western Division and;

C. Grant such other relief as it deems necessary and proper.

_____
BRIAN F. CRUMP

Brian F. Crump
5516 East Drive
Loves Park, IL 61111
815-601-4928

**ECF DOCUMENT**
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States Bankruptcy Court for the Southern District of Illinois

Date Filed: 9-11-2008
Wayne A. Bannert, CLERK
By: Heather Muse_____, Deputy Clerk

2

## Affidavit of Service

I certify that I mailed true and correct copies of the foregoing Motion to the following, by placing same in the United States Postal mail in Freeport, IL, first class mail, postage prepaid, on the 8th day of September 2008.

U.S. Trustee's Office
Nancy J. Gargula
Becker Building, Room 1100
401 Main
Peoria, IL 61602

Enterprise
2031 North State Street
Belvidere, IL 61008

Enterprise
AKA Enterprise Leasing
Illinois Secretary of State File Number 62672692
(through C T Corporation System)
208 South LaSalle Street
Suite 814
Chicago, IL 60604

_____
Brian F. Crump
5516 East Drive
Loves Park, IL 61111

UNITED STATES BANKRUPTCY COURT
Northern District of Illinois, Western Division

Brian F. Crump )
    Debtor/Movant )
)
Vs. ) Case Number 00-31661
)
Enterprise )
    (AKA Enterprise Leasing) )
    Creditor/Respondent )

## MOTION FOR SANCTIONS FOR VIOLATION OF AUTOMATIC STAY AND FOR VIOLATION OF THE DISCHARGE INJUNCTION

NOW COMES the Debtor, Brian F. Crump, (hereinafter "Crump") pro se, and brings his Motion For Sanctions For Violation of Automatic Stay and Violation of the Discharge Injunction pursuant to 11 U.S.C. §362(a), 11 U.S.C. §362(h), 11 U.S.C.. §524(a)(2), and 11 U.S.C. §105 and shows this Honorable Court as follows:

1. This Court has jurisdiction to hear this matter pursuant to §157 and §1334 of Title 28 of the United States Code.

2. This matter is a core proceeding under §157(b) of Title 28 of the United States Code.

3. This case commenced on June 14, 2000 with the filing of a Voluntary Petition for Bankruptcy under Chapter 7.

4. Enterprise (aka Enterprise Leasing) was a creditor in this case and was duly scheduled in Schedule F in the amount of $1,486.00 (one thousand, four hundred, eighty-six dollars).

5. A discharge was entered in this case on September 20, 2000.

6. Said discharge included all debts as Scheduled, including that of Enterprise.

1

7. On or about August 22, 2008, Huntley Chevrolet, located in Huntley, Illinois, made arrangements with Enterprise located at 2031 N. State Street, Belvidere, IL, to provide Crump with a loaner vehicle.

8. Said loaner vehicle was to be used by Crump while Huntley Chevrolet performed warranty work on Crump's personal vehicle.

9. Huntley Chevrolet was responsible for all fees to Enterprise for said loaner vehicle.

10. On August 23, 2008, Crump obtained a ride from a relative and commuted approximately ten (10) miles from Loves Park, Illinois, to Enterprise located in Belvidere, Illinois, (hereinafter, "Belvidere office") to pick up a loaner vehicle as instructed to him by Huntley Chevolet.

11. Upon Crump appearing at Enterprise on August 23, 2008, Enterprise informed Crump that they could not release a loaner vehicle to him unless he paid $1,486.00 (one thousand, four hundred, eighty-six dollars) that had been declared in his bankruptcy.

12. At the time relevant, Lori Turley introduced herself as Branch Manager for the Enterprise Belvidere office.

13. In spite of Crump informing Ms. Turley that the debt was discharged in his bankruptcy case in calendar year 2000, Ms. Turley insisted that Crump still owed the debt on the basis that it is in their records.

14. In spite of Crump informing Ms. Turley that Huntley Chevrolet was responsible for the arrangements and payment for the loaner vehicle, Ms. Turley insisted that she would not issue a loaner vehicle to Crump unless he paid to them the pre-petition, discharged debt.

15. Ms. Turley's acknowledgement that said creditor has the bankruptcy in their records is the legal equivalent of knowledge that Crump filed for bankruptcy.

16. Ms. Turley's acknowledgement of Crump's bankruptcy is the legal equivalent of knowledge of the automatic stay provided under §362.

17. Information provided to Ms. Turley by Crump that said debt was discharged in his bankruptcy in calendar year 2000 is the legal equivalent of knowledge of the discharge injunction provided under §524.

18. Ms. Turley provided Crump with a reference number to place on his payment submission instrument, and stated to Crump that Enterprise has a policy that prevents them from providing service to consumers if they have a balance owed to Enterprise, and that the only way of overcoming their stated policy is for the consumer to pay the debt.

19. In this case, Ms. Turley deliberately and maliciously disregarded the fact that Huntley Chevrolet was responsible for fees for the loaner vehicle to Crump, rendering Enterprise's policy moot as to Crump.

20. By refusing Crump a loaner vehicle on the basis that he owes the discharge debt, Crump suffered the distress of humiliation in addition to concern for how he would commute to his place of employment and have transportation to conduct his personal business.

21. At the time that Huntley Chevrolet arranged for Crump to be issued a loaner vehicle through Enterprise, Huntley Chevrolet had already had Crump's vehicle for three (3) days, and effectively had said vehicle an additional four (4) days to complete warranty work.

22. A bankruptcy petition filed under § 301 of the Code imposes the automatic stay pursuant to § 362. The automatic stay under § 362 prohibits any entity from taking action "to collect, assess, or recover a claim against the debtor that arose before the commencement of a case."

3

23. 11 U.S.C. §362(h) provides that "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

24. Enterprise's actions as set forth herein is a willful violation of 11 U.S.C. §362(a).

25. 11 U.S.C. §524 (a)(2) provides that a discharge operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset any such debt as a personal liability of the debtor.

26. Enterprise's actions as set forth herein is a willful violation of 11 U.S.C. §524(a)(2).

27. Punitive damages are appropriate, as Enterprise's behavior essentially amounts to lying in passive wait to violate the discharge injunction regardless of whether any collection activities such as sending letters or phone calls took place.

28. Punitive damages are appropriate to act as deterrent to similar conduct by Enterprise in the future.

29. 11 U.S.C. §105 (a) provides that the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provision of Title 11, including making any determination necessary or appropriate to enforce or implement court orders or rules.

30. Damages for emotional distress are appropriate, as Enterprise's policy creates perpetual emotional anxiety, inconvenience, and humiliation for Crump, as he will be required to inform vehicle dealers of his bankruptcy if they work with Enterprise to provide loaner vehicles.

31. Due to Enterprise's actions as set forth herein, Crump had need to file Motion with the United States Bankruptcy Court in the Southern District of Illinois to seek the reopening of this case and a change of venue.

32. Due to Enterprise's actions as set forth herein, said creditor demonstrates a clear reprehensible disregard and disrespect of the bankruptcy laws and the rights of others, in addition to indifference to judicial economy.

33. That the debt to Enterprise was discharged eight (8) years ago, and that Crump was not responsible for the cost of the loaner vehicle, makes Enterprise's actions as set forth herein, particularly egregious.

34. In addition to costs for transportation to and from Enterprise, and subsequently to Huntley, IL to receive a loaner vehicle from the dealer, Crump suffered monetary damages, in addition to costs to bring Motion to Reopen and Change Venue, and this action.

WHEREFORE, Brian F. Crump respectfully requests that this Court enter a judgment in his favor and against Enterprise as follows:

    A. Finding creditor Enterprise in willful violation of 11 U.S.C. §362(a) and;.

    B. Award to Brian F. Crump the amount of $5,000.00 (five thousand dollars) as and for said violation and;

    C. Finding creditor Enterprise in willful violation of 11 U.S.C. §524(a)(2) and;

    D. Award to Brian F. Crump the amount of $10,000.00 (ten thousand dollars) as and for punitive damages for said violation and;

    E. Finding that creditor Enterprise's behavior caused Brian F. Crump emotional distress and;

    F. Awarding to Brian F. Crump the amount of $5,000.00 (five thousand dollars) as and for emotional distress and;

    G. Award Brian F. Crump costs of this action and;

H. Granting such other and further relief as is just and proper.

Respectfully,

*[signature]*

Brian F. Crump
Debtor, Pro se

Brian F. Crump
5516 East Drive
Loves Park, IL 61111
815-601-4928

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:

BRIAN F. CRUMP
THERESA E. CRUMP

    Debtor(s).

In Proceedings
Under Chapter 7

Case No. 00-31661

## ORDER

This matter is before the Court on a motion to reopen case and for change of venue filed by debtor Brian Crump. Debtor seeks to reopen the case in order to file a motion for sanctions and for violation of the discharge injunction against Enterprise Leasing. Debtor seeks a change of venue because he now resides in the Northern District of Illinois. The Court has reviewed the motion and finds good cause for granting the relief debtor seeks. Accordingly, IT IS ORDERED that the motion to reopen and for change of venue is GRANTED. The case is reopened for the limited purpose set forth in debtor's motion. The Clerk's office is directed to transfer this case to the United States Bankruptcy Court in the Northern District of Illinois. Debtor's "Request for Telephone Appearance" is DENIED as moot.

ENTERED: September 12, 2008

/s/ Kenneth J. Meyers
UNITED STATES BANKRUPTCY JUDGE

ECF
DOCUMENT
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States Bankruptcy Court for the Southern District of Illinois

Date Filed: 9-12-2008
Wayne A. Bannert, CLERK
By: Heather Mox , Deputy Clerk